Per Curiam.

The tax for 1815 is objected to, because it was only upon half a poll. It is said there cannot be a poll tax for less than a poll; and this seems to be reasonable, but as it is obvious that what is called an assessment in 1816 was illegal, it is not necessary to determine that point. The word tax in' the paper delivered to the surveyor is the only thing in it which would lead one to suspect it was meant for a tax. It was not founded on a valuation of 1816, and cannot be a legal tax for that year.[1] It is said, however, that the plaintiffs are not to be permitted to show its illegality, as it was the act of their own officers. We need not decide that question, as we are satisfied this was not intended to be an assessment of a tax. It was merely an apportionment of a sum on individuals in the surveyor’s district according to the taxes of a former year, and they performed labor without reference to the sums set against their names, and had credit for it, and it was afterwards carried into the general credit bill with other claims against the town, and was allowed to the collector in the settlement of his tax-bill. The town never had the benefit of it. The pauper therefore has gained no settlement in Southampton by the payment of taxes.
The defendants say however, that as the pauper paid 17 *395 cents, it was evidence of his ability to pay. But if he was liable at all, he should have been assessed for all the other taxes of 1816. And it is contended that the omission to tax him "was fraudulent in law. But as he was able the year before to pay only half "of a poll tax, there seems to be but a slight foundation for that suggestion. If there were a question of fraud, it should be tried by the jury ; but under the circumstances of the case we think there is no ground for a new trial.

 See Waldron v Lee, 5 Pick. 323; Granger v. Parsons, 2 Pick. 3ÍÍ3.